**United States District Court**
**District of Massachusetts**

|  |  |
|---|---|
| **United States of America,** | ) |
|  | ) |
|  | ) |
|  | ) |
| **v.** | ) |
|  | ) |
|  | ) Criminal Action No. |
| **Phillip Goodwin,** | ) 17-10209-NMG |
|  | ) |
| **Defendant.** | ) |
|  | ) |
|  | ) |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before this Court is the motion of defendant Phillip Goodwin ("Goodwin" or "defendant") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). In light of the COVID-19 pandemic, Goodwin seeks to have this Court reduce the remaining two-thirds of his 130-month sentence of imprisonment to time served with conditions of release including entry into a drug treatment program. He is currently incarcerated at FMC Devens in Ayer, Massachusetts, having been convicted of and sentenced for a number of drug and money laundering crimes.

In February, 2021, defendant tested positive for and recovered from COVID-19 without exhibiting any symptoms.

## I.   Background

Defendant Goodwin is chronic drug abuser who has a lengthy criminal record, including five masked, armed robberies and

several drug convictions.  He has also enrolled in and relapsed from at least five drug treatment and detox programs.

With respect to the instant offense, Goodwin was arrested, convicted and sentenced for managing a steroid-trafficking organization which manufactured, marketed and sold illicit steroid products bearing counterfeit labels and packaging which infringed on the marks of a legitimate, global pharmaceutical company.  The estimated "street" value of the products sold was between $1.5 million and $3.5 million.  Following his arrest, Goodwin was sent to an inpatient drug-treatment program on pretrial release from which he absconded.  He has since been detained in federal custody during which he has been found to have committed a disciplinary infraction for opioid use.

Having exhausted his administrative remedies, Goodwin now moves this Court for compassionate release due to the outbreak of COVID-19 and the attendant lack of treatment in FMC Devens for his drug addiction.  He contends that he suffers from opioid addiction and several medical conditions which make him especially vulnerable to contracting a severe case of COVID-19, namely, smoking, obesity, liver disease and hypertension.  He also submits that the balance of the factors laid out in 18 U.S.C. § 3553(a) weigh in favor of his release.

The government opposes his motion.  It asserts that 1) defendant has already contracted and fully recovered from

asymptomatic COVID-19, 2) the previous outbreak of COVID-19 at FMC Devens has substantially abated and, in any event, 3) the defendant has served only one-third of his sentence and remains a danger to the community.

## II.  Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i).  Such a modification may be made upon a defendant's motion only after he has fully exhausted his administrative remedies. § 3582(c)(1)(A).  Even if all other requirements are satisfied, a court should grant a motion for release only if it determines that the defendant is no longer a danger to the public. Id.

### B. Application

Goodwin is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A) because he has demonstrated no "extraordinary and compelling" reason warranting his release. Indeed, Goodwin has already tested positive for and fully recovered from COVID-19 without exhibiting any symptoms and the COVID-19 outbreak at FMC Devens has substantially abated. See United States v. Hunt, No. 12-cr-10227, 2021 WL 538133, at *1

- 3 -

(D. Mass. Feb. 14, 2021) (denying a motion for compassionate

release for a defendant with high blood pressure, sleep apnea,

obesity and Type 2 diabetes, in part, because he had previously

contracted and recovered from COVID-19 without any "enduring

adverse consequences."); see also United States v. Zahn, No. 18-

cr-00150, 2020 WL 3035795, at *2 (N.D. Cal. June 6, 2020)

(explaining that, because defendant has already tested positive

for and recovered from COVID-19, "the immediate threat to

[defendant] has passed, fortunately with no serious

complications of any kind.  That is enough to find that he has

not proffered an extraordinary and compelling reason for release

under 18 U.S.C. § 3582(c)(1)(A)(i).").

Furthermore, defendant has served only one-third of the

sentence imposed by this Court, which was well below the

advisory guidelines sentencing range, and has failed to

establish that he no longer poses a danger to the public. See

United States v. Jones, No. 15-cr-10148, 2020 WL 6205783, at *4

(D. Mass. Oct. 22, 2020) (denying a motion for compassionate

release for a defendant with diabetes and hypertension, in part,

because he of his "history as a recidivist drug offender.").

Goodwin is a chronic drug abuser with an extensive criminal

history who is currently serving a sentence for leading a multi-

million-dollar illicit steroid manufacturing and distribution

business.  Moreover, he absconded from his inpatient drug-

treatment program while on pretrial release and has been
disciplined for opioid use while serving his current sentence.
Given his history, the Court finds that, if released, there is a
disturbing likelihood that he would recidivate and, therefore,
endanger the community.

While the Court remains cognizant of the risks associated
with COVID-19, the totality of the circumstances, including the
severity of Goodwin's offense, his lengthy criminal history, the
need for just punishment and respect for the law and the need to
protect the public, weighs heavily against defendant's release.
See § 3553(a)(1)-(2).  Accordingly, this Court will deny
defendant's motion for compassionate release.

### ORDER

For the foregoing reasons, defendant's pro se motion for
compassionate release (Docket No. 141) is **DENIED as moot** and his
supplemental motion filed by counsel (Docket No. 163) is **DENIED
without prejudice.**
**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 5, 2021